**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

Antonio Prophet,
**Petitioner Below, Petitioner**

**v.)  No. 24-604** (Berkeley County CC-02-2023-C-483)

Jonathan Frame, Superintendent,
**Mount Olive Correctional Facility and Jail,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Antonio Prophet appeals the Circuit Court of Berkeley County's September 20, 2024, order denying his motion for an evidentiary hearing and his motion to alter or amend the circuit court's earlier order denying his petition for a writ of habeas corpus.[1] Mr. Prophet argues that his substantive and procedural due process rights were violated when the circuit court summarily denied his habeas petition without a hearing and claims that the circuit court lacked jurisdiction to rule on his case. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Mr. Prophet is serving a term of life imprisonment for his conviction of the first-degree murder of his girlfriend, Angela Devonshire; a term of life imprisonment for his conviction of the first-degree murder of Ms. Devonshire's three-year-old son; and a term of twenty years of imprisonment for his conviction of first-degree arson. These sentences were ordered to run consecutively. Following his 2012 conviction, Mr. Prophet filed a direct appeal with this Court, arguing (1) insufficient evidence; (2) improper cross-examination of Mr. Prophet regarding a novel written by him; (3) improper comments by the prosecutor on Mr. Prophet's post-arrest silence; (4) erroneous refusal to give an instruction proffered by Mr. Prophet; (5) the prosecutor's use of allegedly perjured testimony; (6) prosecutorial misconduct; and (7) judicial misconduct. *State v. Prophet*, 234 W. Va. 33, 762 S.E.2d 602 (2014) ("*Prophet I*"). This Court rejected these assignments of error and affirmed Mr. Prophet's convictions. *Id.* at 40-47, 762 S.E.2d at 609-16.

In February 2015, Mr. Prophet filed a petition for a writ of habeas corpus. The circuit court determined that Mr. Prophet's self-represented petition was "not sufficient" for a fair adjudication on the listed grounds for relief and, accordingly, appointed habeas counsel, who filed an amended petition requesting that Mr. Prophet's self-represented petition be incorporated by reference. By

---

[1] Mr. Prophet is a self-represented litigant. The respondent appears by Attorney General John B. McCuskey and Assistant Attorney General Holly M. Mestemacher.

1

order dated June 24, 2015, the circuit court summarily dismissed twenty-two of Mr. Prophet's grounds for relief,[2] but directed the respondent to file an answer regarding Mr. Prophet's claim of ineffective assistance of counsel and his request for a new trial due to the cumulative effect of ineffective assistance of counsel. After receiving the respondent's answer, the court determined that the matter had been fully briefed and concluded that an evidentiary hearing would not aid the court in adjudicating Mr. Prophet's ineffective assistance of counsel claims. The habeas court found that neither Mr. Prophet's trial counsel nor his appellate counsel was ineffective, and this Court affirmed the habeas court's denial of Mr. Prophet's habeas petition. *Prophet II*, 2016 WL 3461175, at *2-3.

In December 2023, Mr. Prophet filed a second petition for a writ of habeas. Thereafter, Mr. Prophet filed an addendum and an amended addendum to his habeas petition. Within those three documents, Mr. Prophet raised issues regarding ineffective assistance of trial counsel, ineffective assistance of direct appeal counsel, and ineffective assistance of habeas counsel.

By order entered on April 10, 2024, the circuit court found that the record was sufficiently developed for the court to rule on the merits of the second petition without the need for a hearing or the appointment of habeas counsel, and, ultimately, denied Mr. Prophet's second petition for a writ of habeas corpus, including his addendum and amended addendum. The court addressed each alleged instance of ineffective assistance by trial and appellate counsel, finding each to be without merit and finding that the petitioner failed to demonstrate that counsel's performance was deficient under an objective standard or that the result of his proceedings would have been different. In particular, the court found no merit to the petitioner's allegations that trial counsel improperly withdrew before filing his direct appeal, failed to assert a vigorous defense and seek the petitioner's acquittal during closing argument, and improperly conceded guilt during closing, as those contentions were belied by the trial record. The court relied on its prior habeas ruling regarding trial counsel's alleged failure to lodge proper objections during the State's closing at trial, concluding that the petitioner had not shown that the result of his trial would have been different had the claimed objections been made. Regarding the petitioner's assertion that his appellate counsel was ineffective due to an alleged conflict of interest, the court found that petitioner provided no specific argument as to how counsel's was deficient or that the result of his appeal

---

[2] *See Prophet v. Ballard*, No. 15-1092, 2016 WL 3461175, at *2 (W. Va. June 21, 2016) (memorandum decision) (affirming circuit court's summary denial of Mr. Prophet's claims: (1) requesting reversal of *Prophet I*; (2) undue media coverage influenced the jury; (3) the trial court erred in denying his motions to strike two jurors for cause; (4) insufficient evidence; (5) improper questioning by the prosecutor regarding Mr. Prophet's post-arrest silence; (6) erroneous failure to exclude evidence of Mr. Prophet's novel; (7) prosecutor's use of allegedly perjured testimony; (8) erroneous refusal to give an instruction proffered by Mr. Prophet; (9) prosecutorial misconduct; (10) judicial misconduct; (11) mental competency at the times of the offenses; (12) mental competency to stand trial; (13) suppression of exculpatory evidence; (14) prosecutorial falsification of transcript; (15) lack of preliminary hearing; (16) unfair grand jury composition and procedure; (17) defective indictment; (18) improper venue; (19) undue pre-indictment delay; (20) refusal to subpoena witnesses; (21) refusal to disclose witness notes following the witness's testimony; and (22) improper use of informants) ("*Prophet II*").

would have been different.[3] Likewise, the court found that Mr. Prophet was entitled to no relief on his claim of ineffective assistance of habeas counsel, as the claim had no basis in fact or law. Specifically, the court found that Mr. Prophet's complaints regarding habeas counsel pertained to her failure to address the alleged misconduct of trial and appellate counsel, which had already been addressed, and the court found that habeas counsel "was not ineffective for failing to raise allegations that are simply not accurate or true and have no basis in the court record."

Subsequently, Mr. Prophet filed motions to amend judgment and for an evidentiary hearing. By order dated September 20, 2024, the court denied Mr. Prophet's motions, finding that they were simply an attempt to reopen the underlying habeas matter for an evidentiary hearing on his repeated, unsupported claims. It is from this order that Mr. Prophet now appeals.

Our standard of review of Mr. Prophet's motion to alter or amend "'is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.' Syl. Pt. 1, in part, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998)." *Lawson v. Ames*, No. 22-749, 2024 WL 313783, * 1 (W. Va. Jan. 25, 2024) (memorandum decision). Mr. Prophet effectively seeks the review of the denial of his habeas petition, and we review the circuit court's habeas order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The circuit court thoroughly considered and addressed each of Mr. Prophet's claims; an evidentiary hearing was unnecessary due to the record established in Mr. Prophet's prior proceedings. We conclude that Mr. Prophet has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("'On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial

---

[3] The circuit court also found that Mr. Prophet's claims of ineffective assistance of trial and appellate counsel had been previously raised and finally adjudicated in *Prophet II*, consequently precluding relief on those same grounds in this subsequent habeas. In Syllabus Point 2 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), however, we explained that

[a] judgment denying relief in post-conviction habeas corpus is res judicata on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel.

Because the petitioner was not afforded a hearing during his prior habeas proceeding, it does not have the preclusive effect ascribed to it. Nevertheless, the court substantively addressed the petitioner's claims, so the court's additional finding of res judicata does not affect our assessment of the petitioner's entitlement to relief.

court.' Syllabus point 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973).").
Accordingly, we find that the circuit court did not abuse its discretion in denying habeas relief.

To the extent Mr. Prophet claims the circuit court lacked jurisdiction to resolve his habeas petition because he had filed a petition for a writ of mandamus that was pending before this Court, we find no error. Mr. Prophet mischaracterizes this Court's holding in Syllabus Point 3 of *Fenton v. Miller*, 182 W. Va. 731, 391 S.E.2d 744 (1990) ("Once this Court takes jurisdiction of a matter pending before a circuit court, the circuit court is without jurisdiction to enter further orders in the matter except by specific leave of this Court."), by inserting language related to the issuance of a scheduling order into this holding and construing it to mean that the Court was "taking jurisdiction" from the circuit court due to having issued a scheduling order in his original jurisdiction mandamus petition before this Court. In fact, absent a rule to show cause or the issuance of a stay, we have not held that the mere filing of a petition and issuance of a scheduling order in an original jurisdiction proceeding divests the circuit court of jurisdiction, nor do our rules support such an interpretation. *See* W. Va. R. App. P. 16(j), in part (providing that issuing a rule to show cause in prohibition stays "all further proceedings in the underlying action for which an award of a writ of prohibition is sought"); *see also In re K.V.*, No. 23-102, 2024 WL 2863166, at *5 n.16 (W. Va. June 6, 2024) (memorandum decision) (noting that issuance of a stay was required to assume jurisdiction over an ongoing abuse and neglect proceeding when there was a pending petition for writ of prohibition). Accordingly, because no rule to show cause or stay was issued in the petitioner's original jurisdiction mandamus petition before this Court, the circuit court was not divested of jurisdiction to resolve Mr. Prophet's second habeas petition below.[4]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

---

[4] We briefly note that as part of Mr. Prophet's argument that the circuit court lacked jurisdiction, he also argues that the circuit court judge should have recused himself from the case. However, Mr. Prophet does not demonstrate that he filed a motion pursuant to Rule 17.01 of the West Virginia Trial Court Rules, which sets forth the grounds for a motion to disqualify a judge and provides the procedure for filing such a motion.